UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| AML IP, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VALVE CORPORATION,<br><br>　　　　Defendant | No.: 23-668<br><br>PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff AML IP LLC ("AML") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 6,876,979 ("the '979 patent") (referred to as the "Patent-in-Suit") by Valve Corporation ("Defendant" or "Valve").

I.　　THE PARTIES

1.　　AML IP LLC is a Texas Limited Liability Company with its principal place of business located in Austin, Texas.

2.　　On information and belief, Valve is a corporation organized and existing under the laws of the State of Washington, with a principal place of business at 10400 NE 4th Street, 14th Floor, Bellevue, Washington 98004, US.

PLAINTIFF'S ORIGINAL COMPLAINT　　- 1 -
FOR PATENT INFRINGEMENT

PUGET LAW GROUP
938 Broadway
Tacoma, WA 98402
Telephone: (253) 627-4696

3. On information and belief, Valve sells and offers to sell products and services throughout Washington, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Washington and this judicial district. Valve can be served with process through their registered agent, Corpserve, Inc, 1001 4th Ave, Ste 4500, Seattle, WA 98154, at its place of business, or anywhere else it may be found.

**II.     JURISDICTION AND VENUE**

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Washington and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Washington and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Washington and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Washington and this District.

### III. INFRINGEMENT - Infringement of the '979 Patent

7. On April 5, 2005, U.S. Patent No. 6,876,979 ("the '979 patent" (attached as Exhibit A)) entitled "Electronic Commerce Bridge System" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '979 patent by assignment.

8. The '979 patent relates to novel and improved methods and apparatuses for conducting electronic commerce.

9. Defendant maintains, operates, and administers systems, products, and services that facilitate purchases from a user using a bridge computer that infringes one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '979 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods for supporting multi-party collaboration over a computer network) such as to cause infringement of one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '979 patent and the technology underlying it from at least

PLAINTIFF'S ORIGINAL COMPLAINT    - 3 -               PUGET LAW GROUP
FOR PATENT INFRINGEMENT                               938 Broadway
                                                      Tacoma, WA 98402
                                                      Telephone: (253) 627-4696

the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods for supporting multi-party collaboration over a computer network) and related services such as to cause infringement of one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '979 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '979 patent.

IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '979 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

| PLAINTIFF'S ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT | - 4 - | PUGET LAW GROUP<br>938 Broadway<br>Tacoma, WA 98402<br>Telephone: (253) 627-4696 |
|---|---|---|

    c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

    d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

    e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

    f.    a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

    g.    award Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FUR JURY TRIAL

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: May 8, 2023        Respectfully submitted,

                        PUGET LAW GROUP

s/ Casey M. Arbenz
Casey M. Arbenz (WA Bar No. 40581)
Email: casey@pugetlawgroup.com
938 Broadway
Tacoma, WA 98402
Telephone: (253) 627-4696

PLAINTIFF'S ORIGINAL COMPLAINT    - 5 -    PUGET LAW GROUP
FOR PATENT INFRINGEMENT                             938 Broadway
                                                            Tacoma, WA 98402
                                                            Telephone: (253) 627-4696

RAMEY LLP

s/ William P. Ramey, III
William P. Ramey, III (pro hac vice anticipated)
Email: wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
**AML IP, LLC**