UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AML IP LLC,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>VALVE CORPORATION,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-00668-TL<br><br>ORDER |

This matter is before the Court on Plaintiff's unopposed motion for an extension of time for Defendant to respond to the complaint. Dkt. No. 14.

Plaintiff AML IP, LLC, represents that the Parties are "actively seeking a resolution to this case" and that Defendant Valve Corporation requested another 30-day extension to respond to the complaint, having already obtained a previous extension to July 9, 2023. Dkt. No. 13 (order granting unopposed motion to extend). Plaintiff therefore seeks a second extension of Defendant's deadline to respond to the complaint from July 9 to August 9, 2023. Dkt. No. 14.

Plaintiff's motion is untimely, as it comes after the expiration of the deadline it seeks to extend and without explanation. This Court requires parties to file motions for extensions of time

ORDER - 1

at least three business days prior to a deadline. *See* Judge Tana Lin, Standing Order for All Civil Cases, Section III.A (last updated June 16, 2023)[1] ("Untimely briefs or responsive pleadings may be summarily denied, stricken, or ignored.") (the "Standing Order"). Notably, this District's default timeline for a motion to extend is even longer. *See* LCR 7(d)(2) (motion for relief from deadline are noted for consideration the second Friday after the motion). Plaintiff also failed to submit a Word version of its proposed order, as required. *See* Standing Order, Section III.E.

Despite these deficiencies, the Court will allow the parties one more extension. The Court already excused similar deficiencies once, in the prior request for an extension (Dkt. No. 13), but repeated and continued ignorance of the applicable requirements will not be tolerated. Any future motion for an extension shall comply with all applicable Local Rules as well as the Standing Order and include an additional explanation of why the prior extensions were not sufficient to resolve this case, including any new developments or meetings in the Parties' settlement discussions, or any other justification for an extension other than that the Parties are "actively seeking a resolution."[2] Dkt. No. 14.

Accordingly, Plaintiff's motion to extend (Dkt. No. 14) is GRANTED.

Dated this 11th day of July 2023.

Tana Lin
United States District Judge

---

[1] Available at: https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf.

[2] Given that the Parties have not reviewed the Court's chambers procedures as ordered, the Parties may not now make use of the Court's automatic deadline-extending procedure under Section III.A of the Standing Order to extend Defendant's time to respond to the complaint. *See* Dkt. No. 9 (minute order directing review of Standing Order).